UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRANK ARTHUR CROWELL,

       Petitioner,

v.                                Civil No. 2:15-CV-11243

JEFFREY WOODS,

       Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

Frank Arthur Crowell, *pro se,* ("Petitioner"), is incarcerated at the Chippewa

Correctional Facility in Kincheloe, Michigan, resulting from his conviction of five counts

of first-degree criminal sexual conduct ("CSC") causing injury, [1] one count of domestic

violence, [2] and being a second offense habitual offender. [3] He seeks the issuance of a

writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the

petition for writ of habeas corpus is DENIED.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the

Saginaw County Circuit Court. This court recites verbatim the relevant facts relied upon

by the Michigan Court of Appeals, which are presumed correct on habeas review

_____

[1]  Mich. Comp. Laws § 750.520b(1)(f); Mich. Stat. Ann. § 28.788(2)(1)(f).      .

[2]  Mich. Comp. Laws § 750.81(2); Mich. Stat. Ann. § 28.276(2).        .

[3] Mich. Comp. Laws § 769.10; Mich. Stat. Ann. § 28.1082.        .

pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant and complainant met in December 2009 and began a dating relationship shortly after. Complainant testified that she had a consensual sexual relationship with defendant until he became very controlling and began to sexually abuse her. Complainant testified about different incidents where she was physically forced to engage in oral and anal sex with defendant. She testified that defendant would grab her, hold her down, and violently spank her.
>
> *****************************************************************************
>
> Here, complainant testified to various instances where defendant used force or coercion. She specifically stated that defendant forced her to perform oral sex on him by grabbing her hair and moving her head up and down. She testified that on one occasion she tried to push defendant away but he grabbed her and forced her down. She testified that he pushed her hard and would spank her. Complainant also testified that the day before officers responded to reports of a sexual assault, defendant raped her anally after first trying to physically force her to perform oral sex. Photographs of bruises on complainant's arms, which she testified happened when defendant grabbed her, were taken by the police. Moreover, complainant testified that defendant told her he would rape her girls if she did not do the activities he wanted her to do. She stated she felt like she did not have any other options.

*People v. Crowell*, No. 305466, 2012 WL 3321921, at * 1, 4 (Mich. Ct. App. Aug. 14, 2012).

Petitioner's conviction was affirmed on appeal. *Id.*

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied in the following order:

> On order of the Court, the application for leave to appeal the August 14, 2012 judgment of the Court of Appeals is considered and, it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. Defendant argues that the warrantless search of the contents of his cell phone based solely on the third-party consent of the complainant violated his Fourth Amendment right against unreasonable searches. See *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). However, even if this evidence were to be suppressed, considering the weight and strength of the untainted evidence presented at trial, the defendant cannot demonstrate a reasonable probability that the result of the

2

proceeding would have been different. *People v. Carines*, 460 Mich. 750, 597 N.W.2d 130 (1999).

*People v. Crowell*, 825 N.W.2d 585 (Mich. 2013).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Crowell*, No. 10-34594-FC-3 (Saginaw Cnty. Cir. Ct. Jan. 9, 2014). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Crowell*, No. 321223 (Mich. Ct. App. June 27, 2014); *leave to appeal denied at* 858N.W.2d 426 (Mich. 2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. There was insufficient evidence to convict the defendant of first-degree criminal sexual conduct.

II. The trial court erred in allowing into evidence video recordings for a cell phone taken in violation of the defendant's right against unlawful search and seizures.

III. The prosecution denied defendant a fair trial by introducing video recordings from his cell phone on the second day of trial in violation of the defendant's discovery demand.

IV. Defendant was denied effective assistance of counsel where counsel met with the defendant through a security door of a noisy, over-crowded bull pen, a couple of minutes prior to the preliminary examination and was unfamiliar with the facts of the case which prevented counsel from explaining the ramifications of a plea offer to the defendant.

V. Defendant was deprived of his constitutional right to effective assistance of counsel under *Lafler v. Cooper* during the plea phases of the pretrial and trial.

VI. Defendant was denied the effective assistance of trial counsel where trial counsel never filed a motion to suppress the warrantless search of the defendant's cell phone although it was clear that the complainant did not have mutual control to authorize the search of defendant's property.

VII. Reversal is required where the assistant prosecuting attorney committed a fraud upon the court by claiming to have no knowledge of the cell phone

3

and incriminating evidence contained therein where the record demonstrates that the cell phone was known to the prosecution some five months prior.

VIII. Defendant was denied the effective assistance of counsel on appeal where counsel omitted significant and obvious issues on appeal.

## II. STANDARD

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a

4

state-court decision must be consistent with the respect due state courts in our federal

system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a

'highly deferential standard for evaluating state-court rulings,'and 'demands that

state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766,

773 (2010) ((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v.

Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a

claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could

disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562

U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The

Supreme Court has emphasized "that even a strong case for relief does not mean the

state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v.

Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court

must determine what arguments or theories supported or...could have supported, the

state court's decision; and then it must ask whether it is possible fairminded jurists

could disagree that those arguments or theories are inconsistent with the holding in a

prior decision" of the Supreme Court. *Id.*

### III.  DISCUSSION

### A.  Claim # 1.  The sufficiency of the evidence.

In his first claim, Petitioner argues that there was insufficient evidence to convict

him of first-degree criminal sexual conduct because there was no credible evidence

that he used force or coercion to accomplish the sex acts.

The Michigan Court of Appeals rejected Petitioner's claim:

Here, complainant testified to various instances where defendant used force

5

or coercion.  She specifically stated that defendant forced her to perform oral sex on him by grabbing her hair and moving her head up and down. She testified that on one occasion she tried to push defendant away but he grabbed her and forced her down.  She testified that he pushed her hard and would spank her.  Complainant also testified that the day before officers responded to reports of a sexual assault, defendant raped her anally after first trying to physically force her to perform oral sex.  Photographs of bruises on complainant's arms, which she testified happened when defendant grabbed her, were taken by the police.  Moreover, complainant testified that defendant told her he would rape her girls if she did not do the activities he wanted her to do.  She stated she felt like she did not have any other options.  This evidence was supported by videos of sexual encounters between defendant and complainant discovered on a cell phone. In light of all the circumstances, the element of force was proven beyond a reasonable doubt.

*People v. Crowell*, 2012 WL 3321921, at *4.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted) (emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court

6

disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*[4]  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  It is the province of the fact finder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992).  A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Petitioner was charged with first-degree criminal sexual conduct under a theory that the sexual penetration was accomplished through force or coercion.  To convict a defendant under this theory, the prosecution must prove that the defendant accomplished the sexual penetration through force or coercion.  "'Force or coercion

---

[4] In explaining this facet of the standard of review, the court does not seek to imply the existence —or the absence— of any such factual doubt relative to the facts of this case.

7

includes but is not limited to' physical force or violence, threats of force, threats of
retaliation, inappropriate medical treatment, or concealment or surprise." *People v.
Brown*, 495 N.W.2d 812, 813 (Mich. Ct. App. 1992) (quoting Mich. Comp. Laws, §
750.520b(1)(f)). "Force or coercion is not limited to physical violence but is instead
determined in light of all the circumstances." *Id.*

The evidence was sufficient for a rational trier of fact to conclude beyond a
reasonable doubt that Petitioner used force or coercion to sexually penetrate the
victim. Forcing a person to perform oral sex by grabbing her by the hair and
manipulating her head satisfies the concept of "force," as does reacting to a person
trying to push away by grabbing her and forcing her down. Herre, as well, the day
before the victim reported the sexual assaults, Petitioner anally raped her after trying to
physically force oral sex. Photographs taken by the police showed that the victim's
arms were bruised. The victim claimed also that Petitioner coercively threatened to
sexually assault her daughters if he did not comply with his demands. A videotape of
the sexual encounters tended to support the victim's descriptions. Such evidence
readily supports Petitioner's convictions for first-degree criminal sexual conduct under a
theory of force or coercion.

To the extent that Petitioner challenges the sufficiency of evidence by
challenging the victim's credibility, he would not be entitled to relief. See *Tyler v.
Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005). Attacks on witness credibility are simply
challenges to the quality of the prosecution's evidence, and not to the sufficiency of the
evidence. *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002). An assessment of the
credibility of witnesses is generally beyond the scope of federal habeas review of

8

sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* Indeed, "the testimony of a single, uncorroborated prosecuting witness or other eyewitness" is generally sufficient to support a conviction, so long as the prosecution establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F.2d 1142, 1144-1145 (6th Cir. 1985).

**B.  Claim # 2.  The Fourth Amendment claim.**

Petitioner contends that his Fourth Amendment rights were violated when the trial court admitted evidence of video recordings from Petitioner's cell phone that was obtained without a search warrant.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010). Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp. 2d 795, 812 (E.D. Mich. 2009).

9

"The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3rd Cir. 1986)). Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision [on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown,* 638 F. Supp. 2d at 812-13 (quoting *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994)). The court is aware that Petitioner's trial counsel did not file a motion to suppress the evidence (see Claim VI, *infra*) and thus there was no ruling from the trial court on whether the seizure of the cell phone was constitutional.  Petitioner, did, however, raise his Fourth Amendment claim before both the Michigan Court of Appeals and the Michigan Supreme Court on direct appeal.  Both courts analyzed and rejected his claim.

The failure to conduct a hearing in the trial court on Petitioner's search and seizure claim does not mean that Petitioner did not have a full and fair opportunity to litigate his Fourth Amendment claims. *See Good v. Berghuis,* 729 F.3d 636, 638-40 (6th Cir. 2013); *reh'g denied* (6th Cir. Jan. 8, 2014), *cert. denied*, 135 S. Ct. 1174 (2015).  The Sixth Circuit in *Good* noted that "[t]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id.* at 639.

The opportunity to litigate, for purposes of *Stone v. Powell,* encompasses more

10

than an evidentiary hearing in the trial court.  It also includes corrective action available through the appellate process on direct review of the conviction. *See Pulver v. Cunningham*, 419 F. Supp. 1221, 1224 (S.D.N.Y.1976); *See also Rashad v. Lafler,* 675 F.3d 564, 570 (6th Cir. 2012) (petitioner had ample opportunities in state court to present his Fourth Amendment claims, thus precluding federal habeas relief based on the state court's failure to apply the exclusionary rule; trial court rejected defendant's Fourth Amendment claims on forfeiture grounds because his attorney did not show up at a hearing designed to consider them, and a state appellate court rejected his claims on the merits); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 976 (E.D. Mich. 2004) (petitioner's Fourth Amendment claim was not cognizable on habeas review, even though the petitioner did not challenge the legality of his arrest prior to trial, where the petitioner first raised the issue in a post-trial motion and then on direct appeal and was denied relief).  Because all of the material facts were before the state appellate courts on direct review and the appellate process was not otherwise deficient, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim and is thus not entitled to relief.

### C.  Claims # 3 and # 7.  The discovery/prosecutorial misconduct claims.

In his third and seventh claims, Petitioner alleges that the prosecutor committed misconduct and violated the trial court's discovery order by introducing the video recordings of the sexual encounters between the victim and Petitioner without disclosing them to the defense prior to trial.

To the extent that Petitioner is claiming that the prosecutor violated state discovery rules, he would not be entitled to habeas relief.  "It is well settled that there is

11

no general constitutional right to discovery in a criminal case." *Stadler v. Curtin*, 682 F. Supp. 2d 807, 818 (E.D. Mich. 2010) (*citing Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)).  A claim that a prosecutor violated state discovery rules is not cognizable in federal habeas review, because it is not a constitutional violation. *See Lorraine v. Coyle,* 291 F.3d 416, 441 (6th Cir. 2002); *see also Friday v. Straub,* 175 F. Supp. 2d 933, 940 (E.D. Mich. 2001).

To the extent that Petitioner is contending that the violation of the discovery order violated his due process rights, this claim must also fail.[5]  Suppression by the prosecution of evidence *favorable* to the defendant, upon request, violates due process if the evidence is material to either guilt or punishment of the defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  There are three components of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Petitioner's *Brady* claim fails for several reasons.  First, all of this evidence was disclosed to Petitioner during trial.  *Brady* generally does not apply to the delayed disclosure of exculpatory information, but only to a complete failure by the prosecutor to disclose such information. *See United States v. Davis,* 306 F.3d 398, 421 (6th Cir. 2002) (internal citations omitted).  If previously undisclosed evidence is disclosed

---

[5]  Respondent contends that this portion of Petitioner's claim is procedurally defaulted because it was never exhausted with the state courts.  It is unnecessary to determine whether Petitioner exhausted this claim or not because even if the claim was fairly presented to the state courts, it is meritless.

during trial, no *Brady* violation occurs unless the defendant is prejudiced by its

nondisclosure. *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986); *See also*

*United States v. Benc*s, 28 F.3d 555, 560-61 (6th Cir. 1994).  As the Sixth Circuit has

noted, "the Supreme Court rejected the claim that the duty to disclose hinges on the

usefulness of the material to pretrial preparation.  Such a standard would 'necessarily

encompass incriminating evidence as well as exculpatory evidence, since knowledge

of the prosecutor's entire case would always be useful in planning the defense.'"

*Bencs,* 28 F.3d at 560, n. 5 (*quoting United States v. Agurs,* 427 U.S. at 112, n. 20

(1976)).

Moreover, the mere fact that the defense theory may have been undermined by

this new evidence would not entitle Petitioner to relief.  "There is no rule that evidence

must be excluded or a mistrial granted on the basis that a defendant had committed

himself to a theory which was undermined by new evidence." *U.S. v. Atisha*, 804 F.2d

920, 925 (6th Cir. 1986).  "There is always a possibility that new evidence will be

discovered, even if the defense was structured around assurances made by the

government." *Id.*  In the present case, any claim that the late disclosure of these

discovery materials may have precluded defense counsel from adequate trial

preparation is non-cognizable pursuant to *Agurs. See Burns v. Lafler,* 328 F. Supp. 2d

711, 724 (E.D. Mich. 2004) (citing *Bencs,* 28 F.3d at 561).

In addition, Petitioner has failed to offer any evidence or argument to show any

of this evidence contained exculpatory material.  The burden is on a habeas petitioner

to prove that evidence that is required to be disclosed to him under *Brady* was not

disclosed to him. *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998).  Allegations that are

13

merely conclusory or which are purely speculative cannot support a *Brady* claim. *Burns v. Lafler,* 328 F. Supp. 2d at 724. "[M]ere speculation that a government file may contain *Brady* material is not sufficient" to prove a due-process violation. *United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir.1992), *abrogated on other grounds by Hampton v. United States*, 191 F.3d 695 (6th Cir.1999).

No only has Petitioner failed to show that any of this evidence tended to exculpate him, he readily acknowledges that the evidence was highly incriminating in that it bolstered the victim's credibility. The failure to turn over *incriminating* evidence does not violate *Brady. See United States v. Henry,* 71 F. App'x 493, 502 (6th Cir. 2003). Petitioner's *Brady* claim is without merit.

To the extent that Petitioner claims that this evidence should have been excluded because it was prejudicial, he would not be entitled to relief. It is well settled that claims of trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "Errors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial.*" Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994).

The Michigan Court of Appeals held that the videotape evidence was admissible because it corroborated the victim's testimony. *Crowell*, 2012 WL 3321921, at *4. The videotapes were certainly relevant to the prosecution's case. The Sixth Circuit observed that "[t]he Supreme Court has never held (except perhaps within the capital

sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012) (emphasis original).  As such, Petitioner is not entitled to relief on his third and seventh claims.

> **D.  Claims ## 4, 5, 6, and 8.  The ineffective assistance of counsel claims.**

In his fourth, fifth, and sixth claims, Petitioner contends he was denied the effective assistance of trial counsel.  In his eighth claim, Petitioner contends that appellate counsel was ineffective for failing to raise these claims as well as a portion of his third and seventh claims on his appeal of right.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just

15

conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 562 U.S. at 112).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101.  Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).  Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.*  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101.

16

In his fourth claim, Petitioner alleges that his first attorney was ineffective for failing to properly communicate a plea offer to him prior to his first preliminary examination date, which caused him to reject the offer.  In his related fifth claim, Petitioner alleges that his second attorney, who replaced his first counsel, was ineffective for failing to adequately advise him about a plea offer made to him on the day of trial, in which the prosecutor offered to let Petitioner plead guilty to one count of first-degree criminal sexual conduct with a sentence agreement of 12 ½ to 25 years.

In the context of an ineffective assistance of counsel claim involving a defendant having rejected a plea offer from the prosecution, in order to establish that he was prejudiced by counsel's alleged deficiency, the defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court, i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances.  The defendant must also show that the court would have accepted its terms, and that the conviction or sentence, or both, would have been less severe than under the judgment and sentence that in fact were imposed. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012).  In addition, a court, in determining the remedy for ineffective assistance of counsel relating to defendant's rejection of a plea offer, may take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his or her action. *Id.* at 1389.

Petitioner is unable to establish that he was prejudiced by counsels' alleged deficiencies in failing to give him adequate advice about the plea offers, because there is no indication that Petitioner would accept responsibility or admit guilt to the offenses.

17

There are, indeed, clear indications to the contrary.  Petitioner offered mid-trial to plead guilty to all of the charges without any agreement. (Tr. 5/13/11, pp. 12-16).  However, when the trial judge attempted to elicit a factual basis for the plea to CSC first degree, Petitioner denied that he caused bodily injury to the victim. Such injury being one of the elements of first-degree criminal sexual conduct, Petitioner did not establish a factual basis, and the trial judge properly refused to accept the plea. (*Id.,* pp. 18-20).  Because Petitioner could not or would not admit sufficient facts to establish guilt, he has failed to show that any such plea to CSC first degree would have been accepted. He has therefore failed to show that he was prejudiced by counsels' alleged deficiencies with respect to the purported plea offer. He cannot establish that, on this theory, he was denied the effective assistance of counsel. *See e.g. Jackson v. United States*, 101 F. App'x 583, 586 (6th Cir. 2004) (defendant failed to prove prejudice required to establish a denial of effective assistance in his counsel's alleged failure to communicate a plea offer from the government, where after the trial, defendant's attorney suggested that he should accept responsibility for a small amount of cocaine so that the defendant could potentially could receive a lesser sentence, but the defendant nevertheless steadfastly refused to admit his guilt).  Petitioner is not entitled to relief on his fourth and fifth claims.

In his sixth claim, Petitioner alleges that trial counsel was ineffective for failing to move to suppress the evidence of the video recordings taken from his cell phone, because the phone was seized without a warrant.

To prove that counsel's failure to litigate a Fourth Amendment claim competently was paramount to an ineffective assistance of counsel, a defendant must also prove

that his Fourth Amendment claim is meritorious and that there is a reasonable

probability that the verdict would have been different absent the excludable evidence,

in order to demonstrate actual prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 375

(1986).

The Michigan Court of Appeals rejected Petitioner's Fourth Amendment claim,

on the ground that the police had received a valid consent from the victim to search the

cell phone:

> Saginaw Township Police Department Detective Chad Brooks testified that
> complainant gave him permission to look at the SD card that was in the cell
> phone.  He testified that complainant told him that the cell phone was hers
> and she paid the bill, and she gave him a "full bill" that contained her name,
> account number, and the telephone number for the cell phone.  In light of
> these circumstances, it was reasonable for Brooks to believe that
> complainant had common authority over the cell phone.
>
> Complainant testified on the second day of trial that defendant used his cell
> phone to take photographs and videos of her when he forced her to smoke
> cocaine.  However, she was uncertain whether defendant recorded their
> sexual activities.  Although defendant used the cell phone, complainant
> testified that he obtained the cell phone from Sprint, under her name, and
> she paid the bill.  This evidence, and Brooks's testimony, indicates that
> complainant had common authority to consent to the search of the cell
> phone; therefore, a search warrant was not required.   Accordingly,
> defendant assumed the risk that complainant could permit an inspection of
> the cell phone.
>
> *People v. Crowell*, 2012 WL 3321921, at *2.

The Supreme Court has held that "a search conducted without a warrant issued

upon probable cause is 'per se unreasonable . . . subject only to a few specifically

established and well-delineated exceptions.'" *Schenckloth v. Bustamonte*, 412 U.S.

218, 219 (1973) (*quoting Katz v. United States*, 389 U.S. 347, 357 (1967); *Coolidge v.

New Hampshire*, 403 U.S. 443, 454-55 (1971)).  However, one exception to the

19

requirement of a warrant is a search that is conducted pursuant to consent.

*Schneckloth*, 512 U.S. at 219 (citing *Davis v. United States*, 328 U.S. 582, 593-94 (1946)).  Consent for a search may be provided by "a third party who possessed common authority over or other sufficient relationship to the premises [to be searched or seized]." *United States v. Matlock*, 415 U.S. 164, 171 (1974).

More importantly, even where a third party does not have the actual authority to consent to a search, "there is no Fourth Amendment violation if the police conducted the search in good faith reliance on the third-party's *apparent authority* to authorize the search through her consent." *United States v. Morgan*, 435 F.3d 660, 663-64 (6th Cir. 2006) (emphasis original).  A third party's apparent authority to consent is judged by an objective standard; a search consented to by a third party is valid if the police officers conducting the search "reasonably could conclude from the facts available that the third party had authority to consent to the search." *Id.* (quoting *United States v. Gillis*, 358 F.3d 386, 390-91 (6th Cir. 2004)).

The officers' reliance on the victim's apparent authority to consent to a search of the phone was reasonable.  The cell phone was paid for by the victim on Petitioner's promise that he would pay her back.  The victim had the charger and the bill was in her name.  The victim showed Officer Brooks the charger and the bill for the phone that contained her name, the account number, and the telephone number for that particular phone. (Tr. 5/11/11, p. 184; Tr. 5/13/11, p. 33-35).  These facts lead to the objectively reasonable conclusion that the victim appeared to have the authority to consent to a search of the cell phone's contents.  Because the victim had (at the least) apparent authority to consent to the search of the cell phone, any motion to suppress would

20

have been unsuccessful. Counsel was therefore not ineffective for failing to file a motion to suppress the evidence. *See Ray v. United States*, 721 F.3d 758, 763 (6th Cir. 2013).  Petitioner is not entitled to relief on his sixth claim.

In his eighth claim, Petitioner contends that appellate counsel was ineffective for failing to raise his fourth through sixth and a portion of his third and seventh claims on his appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985).  However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  This court has already determined that Petitioner's claims are without merit.  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in his handling of Petitioner's direct appeal.  Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

### E.  A certificate of appealability.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner

21

demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. at 327. In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the court will deny Petitioner a certificate of appealability.

The standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich.2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *Foster*, 208 F. Supp. 2d at 764–65. "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. Although this is a decidedly lower standard, the court will nonetheless deny leave to proceed *in forma pauperis* on appeal because the appeal would be frivolous for the reasons stated above.

## IV. CONCLUSION

IT IS ORDERED that Petitioner Frank Arthur Crowell's petition for writ of habeas

corpus (Dkt. # 1) is DENIED.

      IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal

is DENIED.

      This court DECLINES to issue a certificate of appealability.


                          S/Robert H. Cleland
                          ROBERT H. CLELAND
                          UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2016


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 19, 2016, by electronic and/or ordinary mail.

                          S/Lisa Wagner
                          Case Manager and Deputy Clerk
                          (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\15-11243.CROWELL.habeas.jah.RHC.wpd